UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LEROY HINTON III,<br>      Defendant. | Criminal Action No. 20-122 (JDB) |

## ORDER

Before the Court is defendant Leroy Hinton III's pro se motion to correct, set aside, or vacate his sentence under 28 U.S.C. § 2255, to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), and to appoint counsel. Mot. [ECF No. 37]. For the following reasons, the Court will deny the motion.[1]

## Background

On September 3, 2020, Hinton pleaded guilty to one count of unlawful possession of a firearm or ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). Judgment [ECF No. 33] at 1; Sept. 3, 2020 Min. Entry. Hinton's underlying felony convictions included assault on a police officer, carrying a pistol without a license, and robbery with a dangerous weapon. See Plea Agreement [ECF No. 20] at 3–4; Statement of Offense [ECF No. 21] at 2. This Court sentenced him to 66

---

[1] The government did not respond to Hinton's motion, and the Court did not order a response. The Court may appropriately deny Hinton's § 2255 motion, absent a response from the government, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court may also appropriately deny Hinton's § 3582(c)(1)(A) motion, absent a response from the government, because it is apparent that his motion does not establish his eligibility for relief. See United States v. Oakes, Crim. A. No. 18-385 (DCN), 2023 WL 4138522, at *1, *3 (D. Idaho June 22, 2023) (denying motion for compassionate release premised on the constitutionality of § 922(g)(1) without response from the government); see also United States v. Ortiz, No. 21-11660, 2022 WL 2857534, at *2 (11th Cir. July 21, 2022) (concluding that the district court did not abuse its discretion by denying a motion for compassionate release without a response from the government); United States v. Merise, Crim. A. 06-42-1 (JDB), 2023 WL 6847034, at *3 (D.D.C. Oct. 17, 2023) (recognizing that the prisoner bears the burden to establish eligibility for a sentence reduction).

months' imprisonment, with credit for time served, followed by 36 months' supervised release. Judgment at 2–3.

## Analysis

On May 29, 2024, the Court received a pro se motion from Hinton requesting early release. See Mot. at 1. Hinton contends that his sentence should be "recalculated or vacated" under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1)(A) based on United States v. Bullock, 679 F. Supp. 3d 501 (S.D. Miss. 2023), appeal docketed, No. 23-60408 (5th Cir. July 31, 2023), and New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022). Id. at 2. Hinton further argues that the Court should appoint counsel to assist him with filing his motions for release. Id. The Court considers each of Hinton's requests in turn.

### I. Motion to Correct, Set Aside, or Vacate

Hinton contends that Judge Reeves's decision holding § 922(g)(1) unconstitutional as applied to a defendant renders him eligible for relief under 28 U.S.C. § 2255. See Mot. at 1–2. Hinton's primary assertion is that the Supreme Court's decision in Bruen has made § 922(g)(1)'s ban on felons possessing firearms unconstitutional as applied to his case. Id. at 2. As support, Hinton cites Bullock. The Bullock court, relying on Bruen, held that § 922(g)(1) regulates conduct protected by the Second Amendment and, accordingly, requires the government to "demonstrate that § 922(g)(1) is consistent with this Nation's historical tradition of firearm regulation." 679 F. Supp. 3d at 534 (quoting Bruen, 142 S. Ct. at 2126). Finding that the government failed to demonstrate that consistency, the court held that § 922(g)(1) was unconstitutional as applied to the defendant and granted the defendant's motion to dismiss. Bullock, 679 F. Supp. 3d at 537.

But this Court does not sit in the Southern District of Mississippi. It is bound by D.C. Circuit precedent, and D.C. Circuit precedent forecloses Hinton's argument. As this Court has previously recognized, the D.C. Circuit case Medina v. Whitaker, 913 F.3d 152 (D.C. Cir. 2019),

held that § 922(g)(1) is facially constitutional. United States v. Richardson, Crim. A. No. 23-200-1 (JDB), 2024 WL 402948, at *3 (D.D.C. Feb. 2, 2024) (citing Medina, 913 F.3d at 160). Bruen does not affect the continuing validity of Medina or the constitutionality of the felon-in-possession law and "longstanding prohibitions on the possession of firearms by felons [remain] presumptively lawful." Id. (quoting Bruen, 142 S. Ct. at 2162 (Kavanaugh, J., concurring)). Moreover, while Medina contemplated that barring individuals with certain predicate offenses "so 'minor or regulatory' as to distinguish them from the general class of convicted felons," might be unconstitutional, id. (quoting Medina, 913 F.3d at 160), Hinton's predicate offenses, including assault on a police officer and robbery with a dangerous weapon, are not "minor or regulatory." Accordingly, Hinton's § 2255 motion is denied.

II. **Motion for Compassionate Release**

Hinton further contends that Bullock renders him eligible for relief under 18 U.S.C. § 3582(c)(1)(A). This provision governs compassionate release and authorizes the Court, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," to reduce a term of imprisonment if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). However, for the reasons the Court has already explained, Hinton's legal argument is not persuasive, and therefore it does not present an "extraordinary and compelling" reason to reduce his sentence. Accordingly, Hinton's § 3582(c)(1)(A) motion is denied.

### III. Other Considerations

Additional, independent reasons would also likely foreclose relief in further proceedings.[2] First, Hinton's motions would likely fail because of the waiver language included in his plea agreement. In his plea agreement, Hinton agreed to the following:

> Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

Plea Agreement ¶ 9(d). Because Hinton's § 2255 motion is not brought "based on newly discovered evidence or on a claim that [he] received ineffective assistance of counsel," he has likely waived his right to bring it. See United States v. Bertram, 209 F. Supp. 3d 243, 251 (D.D.C. 2016) (enforcing § 2255 waiver), aff'd on other grounds, 762 F. App'x 1 (D.C. Cir. 2019). And because his § 3582 motion rests on subsection (c)(1)(A), not (c)(2), as the plea agreement provides, he has likely waived his right to bring that claim as well.

Second, Hinton's § 2255 motion would also likely be untimely. A § 2255 motion must be filed within one year of the latest of:

1) the date on which the judgment of conviction becomes final;
2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[2] The Court recognizes that these considerations could be waived or forfeited by the government.

Because Hinton did not file a direct appeal, the judgment of conviction became final fourteen days after this Court's entry of judgment, which was on or about November 18, 2020—nearly three years ago. See Fed. R. App. P. 4(b)(1)(A); United States v. Ingram, 908 F. Supp. 2d 1, 4 (D.D.C. 2012). Accordingly, he is time-barred from filing under § 2255(f)(1) and his only avenue for relief would be the renewed limitations period for motions based on newly recognized rights. 28 U.S.C. § 2255(f)(3). However, that limitations period "begins when the [Supreme] Court declares a new right, not when it deems the right retroactive." United States v. Arrington, 4 F.4th 162, 165 (D.C. Cir. 2021). Here, the Supreme Court case that creates the purported right on which Hinton relies is Bruen, which was decided on June 23, 2022, more than one year before the present motion was filed.[3] Because no other § 2255(f) provision is even arguably applicable, Hinton's motion is likely untimely.

Third, the Supreme Court's decision in Bruen (as interpreted in Bullock) is likely not a valid basis for compassionate release under § 3582(c)(1)(A). As the D.C. Circuit made clear in United States v. Jenkins, 50 F.4th 1185 (D.C. Cir. 2022), the habeas-channeling rule generally forecloses reliance on the compassionate release to challenge the lawfulness of a conviction and sentence. Id. at 1202–03.

And fourth, Hinton has provided no evidence that he exhausted his administrative remedies with the Bureau of Prisons, which is required to succeed on a compassionate release motion. See 18 U.S.C. § 3582(c)(1); see also United States v. Wilson, 77 F.4th 837, 841 (D.C. Cir. 2023).

---

[3] And, in any event, Bruen does not establish that § 922(g)(1) is unconstitutional.

5

## IV. Appointment of Counsel

Finally, Hinton seeks appointment of counsel to further pursue his § 2255 and § 3582(c)(1) motions.[4] The Court will not appoint counsel because, as the Court explained above, Hinton's § 2255 and § 3582(c)(1)(A) motions fail and renewed motions by counsel would fail for the same reasons. Moreover, the interests of justice do not otherwise weigh in favor of appointment of counsel. The issue Hinton seeks to present in his motions is fairly straightforward and capable of resolution on the record before the Court without factual investigation or an evidentiary hearing.

*   *   *

---

[4] "[T]here generally is no <u>constitutional</u> right to effective counsel in collateral proceedings." <u>United States v. Scurry</u>, 992 F.3d 1060, 1069 (D.C. Cir. 2021). "But the Criminal Justice Act <u>statutorily</u> authorizes courts to appoint counsel for financially eligible individuals . . . who are seeking relief under Section 2255 when 'the interests of justice so require.'" <u>Id.</u> (quoting 18 U.S.C. § 3006A(a)(2)(B)). Although the D.C. Circuit has not interpreted the "interests of justice" standard in the context of a § 2255 or § 3582(c)(1)(A) motion, judges in this District follow the approach adopted by other circuits. That approach calls for consideration of the following factors:
1) the petitioner's likelihood of success on the merits,
2) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved, and
3) the factual complexity of the case and whether the petitioner has the ability to investigate undeveloped facts.

<u>United States v. Valdez</u>, 199 F. Supp. 3d 13, 16 (D.D.C. 2016) (§ 2255 motion); <u>see also</u> <u>United States v. Morales</u>, Crim. A. No. 06-248-4 (JDB), 2021 WL 4622461, at *1 n.1 (D.D.C. Oct. 7, 2021) ("[W]hen the issues presented by a [§ 3582(c)(1)(A)] motion are straightforward, courts in this District regularly find that the interests of justice do not require appointment of counsel.").

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [37] defendant's motion to correct, set aside, or vacate his sentence under 28 U.S.C. § 2255, to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), and to appoint counsel is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to defendant at the address provided with his motion.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: July 31, 2024